|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff-Respondent,<br><br>    v.<br><br>JAIME SANCHEZ-RAMIREZ,<br><br>                     Defendant-Petitioner. | | CASE NO. CR06-425 MJP<br><br>ORDER DENYING DEFENDANT'S PETITION FOR A WRIT OF ERROR *CORAM NOBIS* |

THIS MATTER comes before the Court on the Defendant's Petition for a Writ of Error *Coram Nobis*. (Dkt. No. 1020.) Having reviewed the Motion, the Response (Dkt. No. 1025), the Reply (Dkt. No. 1039), and the related record, the Court DENIES the Motion.

**Background**

On March 27, 2014, an immigration judge ordered Petitioner Jaime Sanchez-Ramirez, a native and citizen of Mexico, removed to Mexico based on his 2007 guilty plea in this Court. After Mr. Sanchez-Ramirez's appeal to the Board of Immigration Appeals ("BIA") was denied,

he filed a petition for review of that decision with the Ninth Circuit. That Petition was denied on March 15, 2019. Mr. Sanchez-Ramirez now challenges his 2006 conviction in this Court.

1. Criminal Conviction

On November 16, 2006, Mr. Sanchez-Ramirez was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Dkt. No. 1 at 1-2.) He was also charged with conspiracy to distribute 500 grams or more of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Dkt. No. 1 at 3.) On May 9, 2007 Mr. Sanchez-Ramirez pled guilty to the purchase of cocaine in violation of 21 U.S.C. § 843(b). (Dkt. Nos. 461-63.)

During his Change of Plea Hearing before the Honorable Mary Alice Theiler, United States Magistrate Judge, Mr. Sanchez-Ramirez informed the Court that he spoke "some" English (Dkt. No. 1025, Ex. A at 4:4-5), and frequently responded to Judge Theiler's lengthy questions in English (see id. at 3:3-8, 3:17-23, 4:16-19). After Judge Theiler explained to Mr. Sanchez-Ramirez the process in Federal Court "if you're charged with a felony" (Id. at 9:15-17), she advised him that his guilty plea could impact his legal status to remain in the United States and asked Mr. Sanchez-Ramirez if he understood, to which he replied "yes." (Id. at 21:13-18.) Judge Theiler also asked if the documents related to the proceedings were translated for Mr. Sanchez-Ramirez; he replied "yes" in English. (Id. at 4:6-9.) Judge Theiler then asked if there was any part of the plea agreement that he would like to discuss with the translator and waited while the translator read the stipulated facts to Mr. Sanchez-Ramirez. (Id. at 10:17-22.) When they were finished, Judge Theiler told Mr. Sanchez-Ramirez, "if you'd like the translator to help you with anything else as we go through this, just let me know and we'll take as much time as

you need, all right?" (Id. at 11:11-14.) Mr. Sanchez-Ramirez replied "Okay" in English. (Id. at 11:15.)

On September 20, 2007, Mr. Sanchez-Ramirez had his sentencing hearing before this Court. (Dkt. No. 624.) During the hearing, his lawyer advised the Court that Mr. Sanchez-Ramirez was "facing deportation because of this offense" and it was therefore important that he return to work "so that, if he is taken into custody, if he is deported, he can leave some type of nest egg for [his family] until they are, hopefully, able to relocate to Mexico, which is their intention so they can be reunited with him." (Dkt. No. 1025, Ex. B at 9:17-25.) After detailing the requirements of Mr. Sanchez-Ramirez's supervised release, the Court observed, "I understand [] deportation is a possibility, and that, of course, may be ultimately the heaviest price you pay for this conviction." (Id. at 16:20-23.) The Court explained that if that should happen, Mr. Sanchez-Ramirez's "family is going to have to come to you" because if caught crossing the border illegally, "the penalties are extraordinarily severe." (Id. at 16:20-22, 16:27-28.)

2. Immigration Proceedings

In September 2011, Mr. Sanchez-Ramirez left the United States for a visit to Mexico. (Dkt. No. 1025 at 6.) When he returned on October 2, 2011, The Bureau of Immigration and Customs Enforcement issued a Notice to Appear, alleging that he was subject to removal because of his 2007 conviction. (Dkt. No. 1025, Ex. C at 2.) During hearings on April 3, 2013, February 26, 2014, and March 27, 2014, Mr. Sanchez-Ramirez's immigration counsel requested a continuance so Mr. Sanchez-Ramirez's "criminal attorney" could seek post-conviction relief from his criminal convictions. (See id., Ex. D at 20.) The immigration judge denied the request for a continuance and on March 27, 2014, ordered Mr. Sanchez-Ramirez removed to Mexico. (Id. at 2.) Mr. Sanchez-Ramirez's appeal to the BIA was denied on March 30, 2016. (Dkt. No.

1025 at 7.)  Mr. Sanchez-Ramirez then filed a petition for review of that decision with the Ninth Circuit.  In an unpublished memorandum disposition, the Ninth Circuit denied his petition.  Sanchez Ramirez v. Barr, 758 F. App'x 618, 619 (9th Cir. 2019).

Mr. Sanchez-Ramirez now brings the present petition for a writ of error *coram nobis*, arguing that: (1) his defense counsel provided ineffective assistance by misrepresenting the immigration consequences of the plea; (2) he signed the plea agreement without an interpreter translating the agreement to him; and (3) denying his writ would result in manifest injustice because Abuelhawa v. United States, 556 U.S. 816 (2009), held that a conviction under § 843(b) is a misdemeanor.   (Dkt. No. 1020.)

**Discussion**

A writ of error *coram nobis* "provides a remedy for those suffering from lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989) (internal quotation marks omitted); see also Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994).  The writ "is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Chan, 792 F.3d 1151, 1153 (9th Cir. 2015).

To qualify for *coram nobis* relief, a petitioner must establish that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Chan, 792 F.3d at 1153.  The petitioner bears the burden of proving each requirement. See United States v. Garcia, No. CR 99-0699-RSWL-3, 2017 WL 3669542, at *1 (C.D. Cal. Aug. 24, 2017).  The

1 | Government argues that Mr. Sanchez-Ramirez has not established the second and fourth
2 | elements and is therefore not entitled to *coram nobis* relief. (Dkt. No. 1025 at 9.)

        1. Valid Reasons for not Attacking the Conviction Earlier

*Coram nobis* petitions are not subject to any statute of limitations. United States v. Arce-Flores, No. CR15-0386JLR, 2017 WL 4586326, at *5 (W.D. Wash. Oct. 16, 2017). Instead, a petitioner must show that he had "sound reasons" for not challenging his conviction sooner. Id. "A petitioner has no sound reason when he delays for no reason whatsoever, the respondent demonstrates prejudice from the delay, or the petitioner appears to abuse the writ." Arce-Flores, 2017 WL 4586326, at *5. "In making a determination of prejudice, the effect of the delay on both the government's ability to respond to the petition and the government's ability to mount a retrial are relevant." Telink, 24 F.3d at 48.

Here, Mr. Sanchez-Ramirez was sentenced nearly 12 years before filing his *coram nobis* petition (Dkt. No. 624) and was warned during his change of plea hearing four months earlier that his guilty plea could impact his ability to remain in the United States. (Dkt. No. 1025, Ex. A at 21:13-18.) Seven years later, the immigration judge denied Mr. Sanchez-Ramirez's request for a continuance of his immigration proceedings so he could collaterally attack his sentence because he "had ample time to pursue post-conviction relief," given that "the conviction in this case occurred in 2007." (Id. at 3.) Yet Mr. Sanchez-Ramirez waited another five years to file the present Petition.

Neither of Mr. Sanchez-Ramirez's explanations excuse his lengthy delay. First, his argument that he could not find an attorney who would take his case is undermined by his *pro se* Petition. Second, his assertion that his delay is excusable "because he believed he had a chance of avoiding deportation through the immigration courts, so he proceeded with that process first"

(Dkt. No. 1039 at 5-6) is undercut by his statement to the immigration court that he was seeking an adjournment in 2014 so his criminal attorney could collaterally attack the sentence. Further, Mr. Sanchez-Ramirez's calculation that he would prevail in immigration court—and preference that he take his chances there first—does not absolve the prejudice to the Government, which cannot now compile the evidence to retry his case 12 years after Mr. Sanchez-Ramirez entered his plea. Telink, 24 F.3d at 48. The Court finds that Mr. Sanchez-Ramirez has not shown "sound reasons" for failing to challenge his conviction sooner.

2. Error of the Most Fundamental Character

Mr. Sanchez-Ramirez also has not proven that his conviction was affected by an error of the most fundamental character. He argues that: (1) his defense counsel provided ineffective assistance by misrepresenting the immigration consequences of the plea; (2) he signed the plea agreement without an interpreter translating the agreement to him; and (3) denying his writ would result in manifest injustice because Abuelhawa, 556 U.S. 816, held that a conviction under § 843(b) is a misdemeanor. (Dkt. No. 1020.) The Court finds that none of these arguments are supported by the record.

First, to establish ineffective assistance of counsel, a petitioner must prove (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Sanchez-Ramirez has not established that he was prejudiced by his defense attorney's conduct. He contends that his attorney informed him "that he did not know whether there would be any immigration consequences [from his plea] since it was a minor charge." (Dkt. No. 1020 at 30.) But his lawyer told the Court that Mr. Sanchez-Ramirez anticipated that he would be deported and was hoping to create "some type of nest egg for [his family] until they are, hopefully, able to relocate to

Mexico, which is their intention, so they can be reunited with him" (Id., Ex. B at 9:17-25), implying that Mr. Sanchez-Ramirez had discussed the immigration consequences of his plea with his attorney.

Further, even if Mr. Sanchez-Ramirez's attorney did not discuss the immigration consequences of his plea, he cannot demonstrate prejudice where he was advised during both his change of plea hearing and during his sentencing of the immigration consequences of his plea, with this Court warning him "that deportation may be ultimately the heaviest price you pay for this conviction." (Id., Ex. A at 21:13-18; Ex. B at 16:20-22, 16:27-28.)

Second, Mr. Sanchez-Ramirez's argument that he was unaware of the contents of the plea agreement because his attorney had terminated the interpreter is also not supported by the record. (Dkt. No. 1020 at 30.) During his change of plea hearing, Judge Theiler offered Mr. Sanchez-Ramirez the opportunity to have any part of the plea agreement translated for him and waited while the translator read the stipulated facts to Mr. Sanchez-Ramirez. (Id. at 10:17-22.) Judge Theiler then told Mr. Sanchez-Ramirez, "if you'd like the translator to help you with anything else as we go through this, just let me know and we'll take as much time as you need, all right?" (Id. at 11:11-14.)

Similarly, while Mr. Sanchez-Ramirez argues that he was unaware that he was pleading guilty to a felony because his attorney told him he was pleading to a "minor charge" (Dkt. No. 1039 at 6-8), Judge Theiler explained the process in Federal Court "if you're charged with a felony" (Dkt. No. 1025, Ex. A at 9:15-17, 10:17-22), and the prosecutor detailed the potential consequences of his crime, explaining that Mr. Sanchez-Ramirez was facing four years imprisonment and a fine of "up to $250,000." (Id. at 5:22-6:3.) The Court finds that based on

the record, Mr. Sanchez-Ramirez was well apprised of the nature of his plea agreement and the seriousness of the crime for which he was charged.

Finally, as the Ninth Circuit explained, Mr. Sanchez-Ramirez's "reliance on <u>Abuelhawa v. United States</u>, 556 U.S. 816 (2009), to contend his conviction was for a misdemeanor is misplaced, where the court in that case did not determine that a conviction under § 843(b) is categorically a misdemeanor, but determined that the facts of Abuelhawa's case did not support a conviction under § 843(b)." <u>Sanchez Ramirez v. Barr</u>, 758 F. App'x 618, 619 (9th Cir. 2019). This Court agrees.

## Conclusion

The Court therefore finds that Mr. Sanchez-Ramirez has failed to prove that he is entitled to *coram nobis* relief and his Petition is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 1, 2020.

Marsha J. Pechman
Senior United States District Judge